**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| AUDREY D. MCCADNEY, <br> Appellant, | DOCKET NUMBER <br> SF-0845-16-0346-I-1 |
| v. | |
| OFFICE OF PERSONNEL <br> MANAGEMENT, <br> Agency. | DATE: December 27, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Audrey D. McCadney</u>, Inglewood, California, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) concerning an overpayment.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal with the Board challenging a reconsideration decision by OPM, affirming its initial determination that she received an overpayment of disability retirement annuity benefits in the amount of $8,208.74, and that recovery of the overpayment would not be against equity and good conscience. Initial Appeal File (IAF), Tab 1, Tab 6 at 6, 15, 60. On June 28, 2010, OPM approved the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS). IAF, Tab 6 at 28. In the approval letter, OPM informed the appellant that her FERS disability benefits for the first 12 months would equal 60 percent of her high-3-year average salary minus 100 percent of her Social Security benefit for any month that she is entitled to Social Security disability benefits. *Id*. at 62. OPM also stated that, after the first year, her disability annuity would be equal to 40 percent of her high-3-year average salary minus 60 percent of her Social Security benefit for any month in which she was entitled to Social Security disability benefits. *Id*.

¶3 OPM also advised the appellant to apply for Social Security disability benefits and to notify OPM when her application was received and approved. *Id*. at 61. OPM further cautioned the appellant that:

> FERS disability benefits usually begin before the claim for Social Security benefits is fully processed. Because the FERS disability benefit must be reduced by 100 percent of any Social Security benefit payable for 12 months, Social Security checks should not be negotiated until the FERS benefit has been reduced. The Social Security checks will be needed to pay OPM for the reduction which should have been made in the FERS annuity.

*Id*. OPM paid the appellant interim annuity payments from July 15, 2010 through June 1, 2011. IAF, Tab 6 at 8. The July 15, 2010 check issued by OPM covered her annuity payments for the period of October 24, 2009 to June 30, 2010, based on an annuity commencement date of September 13, 2009. *Id*. at 7-8, 19.

¶4      On March 19, 2011, the Social Security Administration (SSA) issued a notice of award stating that the appellant was eligible for Social Security disability benefits retroactive to July 2009. *Id*. at 35. Social Security awarded the appellant $16,426 for July 2009 through February 2011, and a recurrent monthly payment of $1,105 beginning in March 2011. *Id*. OPM finalized her annuity on June 2, 2011, adjusting her annuity to account for the amount of her SSA award. *Id*. at 9. On June 7, 2011, OPM notified the appellant that she received an annuity overpayment of $8,208.74 and proposed a 36-month repayment plan. *Id*. at 15, 60. OPM stated that the overpayment occurred during the period of September 13, 2009 to May 30, 2011, because the appellant's interim annuity payments were not reduced by the applicable SSA deduction required by law. *Id*. at 9, 17.

¶5      The appellant filed a request for reconsideration and waiver on June 17, 2011, arguing that she did not receive an overpayment because the start date for her annuity was incorrect and she was underpaid. IAF, Tab 6 at 13-14. The appellant did not base her waiver request on financial hardship. On July 11, 2011, OPM responded to her request and confirmed that her last day of pay was incorrect. *Id*. at 59. OPM changed the commencement date for her annuity from September 13, 2009 to July 3, 2009, and recalculated her high-3-salary. *Id*. OPM also determined that her annuity should have been higher and authorized a

payment of $4,633.87 for direct deposit in her bank account, representing the difference in her annuity from July 3, 2009 to June 30, 2011. *Id.* OPM explained that it paid that amount directly to the appellant rather than reducing the overpayment because her request for reconsideration was still pending. *Id.*

¶6 OPM issued a final decision, denying the appellant's request for reconsideration and affirming the existence and amount of her overpayment. *Id.* at 6-11. OPM rejected the appellant's argument that she remained underpaid and found that she was not entitled to a waiver of her overpayment because she was required by the principles of equity and good conscious to set aside any retroactive payment she received from Social Security to pay any resulting debt owed to OPM. *Id.* OPM also reaffirmed the originally proposed debt collection schedule consisting of 36 installments of $228.02 with a final payment of .02, noting that the appellant did not submit evidence of financial hardship. *Id.* at 10.

¶7 The appellant filed an appeal with the Board arguing that she did not receive any annuity overpayment because the agency acknowledged that she was in fact underpaid. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision finding that OPM proved by preponderant evidence the existence and amount of the $8,208.74 annuity overpayment to the appellant for the period from September 13, 2009 to May 30, 2011. IAF, Tab 16, Initial Decision (ID) at 5-8. The administrative judge found no underpayment remained because OPM resolved that issue in 2011 when it corrected the start date for the appellant's annuity and paid her the amount owed because of that mistake, leaving unaffected the existence and amount of the annuity overpayment to the appellant. ID at 7. The administrative judge also found that the appellant was not entitled to a waiver because she was at fault in causing the overpayment. ID at 9-11. The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1.

¶8 OPM bears the burden of proving, by preponderant evidence, the existence and amount of an annuity overpayment. *See* 5 C.F.R. § 831.1407(a). If OPM

meets that burden, the appellant bears the burden of proving, by substantial evidence, her entitlement to a waiver or adjustment of the overpayment.  *See* 5 C.F.R. § 831.1407(b).  A waiver may be granted when the annuitant is without fault and recovery would be against equity and good conscience.  *Davis v. Office of Personnel Management*, 109 M.S.P.R. 48, ¶ 7 (2008).  Generally, recovery is against equity and good conscience when:  it would cause financial hardship; the annuitant can show that, because of the overpayment, she relinquished a valuable right or changed positions for the worse; or recovery would be unconscionable under the circumstances.  *Id.*

The administrative judge correctly found that OPM proved the existence and amount of the overpayment.

¶9        The administrative judge found that OPM correctly determined the amount and existence of an overpayment owing to the appellant's having received unreduced interim FERS disability retirement annuity payments during the period from September 13, 2009 to May 30, 2011.  ID at 7.  The appellant argues on review that the administrative judge failed to consider a June 2011 letter from OPM determining that she was underpaid, and that her underpayment superseded the overpayment determination by OPM.  PFR File, Tab 1 at 5.  The administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  As explained in the initial decision by the administrative judge, OPM submitted documentation showing that the appellant received an annuity overpayment in the amount of $8,208.74 that she is required to repay, and there is no outstanding underpayment owed to the appellant.  ID at 7-8; IAF, Tab 6 at 19, 53, 59.

¶10       In the June 2011 letter to the appellant, OPM determined that it made an error in the commencement date for her annuity, which caused an underpayment of $4,633.87.  ID at 7; IAF, Tab 6 at 19, 53, 59.  Rather than deduct that sum

from the previously determined overpayment amount, OPM corrected the error by directly paying the appellant $4,633.87, thereby leaving the amount of her previously determined overpayment unchanged. IAF, Tab 6 at 53. The appellant does not dispute the administrative judge's finding that she received payment of $4,633.87 from OPM, and she submits no new evidence or argument on review showing that she remains underpaid. ID at 7.

¶11 Because the appellant also fails to identify any error in the administrative judge's finding that OPM properly determined the existence and amount of the overpayment, we affirm the administrative judge's finding on this issue. ID at 5‑6; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

The administrative judge correctly found that the appellant is not entitled to a waiver of the overpayment.

¶12 We further find that the administrative judge correctly found that the appellant failed to establish her entitlement to a waiver of the overpayment. The appellant bears the burden of establishing her entitlement to a waiver of recovery of the overpayment by substantial evidence. *See Knox v. Office of Personnel Management,* 107 M.S.P.R. 353, ¶ 5 (2007). To be entitled to a waiver, the appellant must meet a 2-part test. She must show by substantial evidence that: (1) she is without fault in creating the overpayment; and (2) recovery of the overpayment would be against equity and good conscience. *See* 5 U.S.C. § 8470(b); *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012); 5 C.F.R. § 845.301.

¶13 On review, the appellant argues that OPM is solely at fault in the overpayment. PFR File, Tab 5. A recipient of an overpayment is without fault if she performed no act of commission or omission that resulted in the overpayment.

*Vojas v. Office of Personnel Management*, [115 M.S.P.R. 502](), ¶ 18 (2011); [5 C.F.R. § 845.302](). The pertinent considerations in finding fault are as follows: (1) whether payment resulted from the individual's incorrect, but not necessarily fraudulent statement, which she should have known to be incorrect; (2) whether payment resulted from the individual's failure to disclose material facts in her possession, which she should have known to be material; or (3) whether she accepted a payment which she knew or should have known to be erroneous. *Id*.

¶14        Applying the factors here, the administrative judge did not find that the appellant was at fault because the overpayment resulted from either the first or second considerations. The administrative judge, however, determined that the appellant was at fault because she accepted a payment which she should have known to be erroneous. ID at 9-11. The appellant does not dispute this finding on review.

¶15        Specifically, the administrative judge found that the SSA notified the appellant on March 19, 2011, that she was entitled to monthly disability benefits retroactive to July 2009. *Id.* at 9. The administrative judge further found that the appellant was on notice that she should not cash her checks from SSA absent prior adjustment to her FERS annuity, because those checks would be needed to pay OPM for the reduction which should have been made in her FERS annuity. *Id.* The administrative judge found no evidence that the appellant did not cash her SSA checks while continuing to accept her FERS annuity benefits and the appellant submits no such evidence or argument on review. *Id.* We therefore find no reason to disturb the administrative judge's finding that she accepted a payment that she should have known to be erroneous.

¶16        The administrative judge further found that the appellant did not qualify for a waiver under the "prompt notification" exception in OPM's "Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System" (Guidelines). ID at 9-10; IAF, Tab 6 at 64-103. The Guidelines dictate that a debtor should be found without

fault when the debtor promptly—in general, within 60 days—contacts OPM to question the correctness of a payment or to report an overpayment, regardless of whether the individual knew or should have known the payment was erroneous. ID at 10; IAF, Tab 6 at 76 (Guidelines § I.B.6). The Guidelines also provide that claims of contact should be supported by written evidence, or if not, then at least a "reasonable and credible description of the asserted contact," to include the OPM employee office or employee contacted and the date of contact. IAF, Tab 6 at 73 (Guidelines § I.B.8).

¶17    The administrative judge found that the appellant testified that she only contacted OPM after she received the notice of overpayment dated June 7, 2011, and that contact occurred more than 60 days after SSA had notified her that it was paying her disability payments. ID at 10 n.5. He further found that the appellant contacted OPM to dispute that she received an overpayment, not to report an overpayment. *Id.* The appellant argues on review that she was without fault because she promptly requested reconsideration and provided everything OPM requested, but she provides no evidence or argument that she contacted OPM to question the correctness of a payment or to report an overpayment within the specified time period. PFR File, Tab 1 at 5-6. We find that the administrative judge correctly determined that the appellant was at fault in creating the overpayment because she accepted a payment that she should have known to be erroneous and she did not demonstrate good faith by promptly bringing the overpayment to OPM's attention; therefore, she does not qualify for a waiver under the "prompt notification" exception.[2] ID at 10-11; IAF, Tab 6 at 72.

¶18    On review, the appellant also argues that recovery of the overpayment would be against equity and good conscious because, inter alia, OPM failed to issue a final decision within 4 years of her request for reconsideration and waiver,

[2] The appellant also argued on review that she did not defraud the Government; however, the administrative judge did not find that the appellant committed fraud. PFR File, Tab 1 at 5.

and OPM made egregious errors that resulted in her annuity overpayment and underpayment.[3] *Id*. at 6. Because we affirm the administrative judge's finding that the appellant was at fault in creating the overpayment, we need not address the appellant's argument that recovery would be against equity and good conscience. ID at 11; *see Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. § 831.1401. We find that the administrative judge properly weighed the evidence, reached the correct decision under the law, and issued a well-reasoned decision. We therefore deny her petition for review.[4]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] According to the Guidelines, "errors or delays by OPM or other Federal agencies, per se, do not justify a without-fault finding," but may be a factor in determining whether it is against equity and good conscious to recover an overpayment from an individual found without fault in creating the overpayment. IAF, Tab 6 at 71, 76 (Guidelines §§ I.B.2, I.C.4).

[4] The administrative judge noted that the appellant did not claim financial hardship or detrimental reliance while her case was pending before OPM, and she did not seek an adjustment in the recovery schedule. ID at 11. The appellant does not dispute these findings on review.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.